| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Gillman Capone, LLC<br>60 Highway 71, Unit 2<br>Spring Lake Heights, NJ 07762<br>(732) 528-1166<br>Attorney for Debtor<br>By: Marc C. Capone, Esq. | |
| In Re:<br><br>**Kelibeth Hernandez-Eustace and James Eustace**<br>                Debtors | Case No.: **25-18981**<br><br>Judge: **Mark E. Hall**<br><br>Chapter: **13**<br><br>Hearing Date: |

## CERTIFICATION OF DEBTOR IN RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

We, Kelibeth Hernandez-Eustace and James Eustace, the Debtors herein and therefore have personal knowledge of the facts set forth herein make this certification in response to the Chapter 13 Trustee's objection to Chapter 13 Plan.

**I. Background**

1. Debtors filed a voluntary Chapter 13 petition on August 27, 2025.

2. The Chapter 13 Trustee filed an Objection dated October 9, 2025, asserting, among other grounds, that Debtors exceed the 11 U.S.C. § 109(e) unsecured debt limitation of $526,700.

3. Specifically, the Trustee references Claim No. 3-1, filed by the U.S. Small Business Administration ("SBA") in the amount of $534,348.11.

4. This obligation arises from a COVID-19 Economic Injury Disaster Loan ("EIDL") issued directly to Debtors' business, A Shore Thing Productions LLC, not to the Debtors individually.

1

5. Debtors executed a personal guaranty in connection with the EIDL Note; however, the business remains the primary obligor, and all monthly payments continue to be made timely and in full from business revenues.

6. The SBA's correspondence dated September 10, 2025, confirms that the loan is current and subject to ongoing payment by A Shore Thing Productions LLC.

7. Debtors have accordingly amended Schedule D to classify this debt as contingent, unliquidated, and disputed.

**II. Argument**

A. *The SBA Claim Is Contingent and Unliquidated as to the Debtors*

8. Under 11 U.S.C. § 109(e), only noncontingent, liquidated debts are counted toward Chapter 13 eligibility limits.

9. A debt is contingent when the debtor's liability depends upon a future event that may or may not occur. See *In re Knight*, 55 F.3d 231 (7th Cir. 1995).

10, A debt is unliquidated when the amount or liability cannot be readily determined without an evidentiary hearing or accounting. See In re Barcal, 213 B.R. 1008 (B.A.P. 8th Cir. 1997).

12. Because Debtors are guarantors, their liability will arise only if and when the primary obligor, A Shore Thing Productions LLC, defaults on the Note. No such default exists.

13. As of the petition date, the loan was current, no demand had been made upon the Debtors, and the SBA had not accelerated or sought to enforce the guaranty.

14. Accordingly, the SBA claim is contingent and unliquidated as to Debtors and must be excluded from the § 109(e) debt-limit calculation. See *In re Albano*, 55 B.R. 363 (N.D. Ill. 1985); *In re Keenan*, 201 B.R. 263 (Bankr. S.D. Cal. 1996).

B. *Excluding the SBA Claim, Debtors' Personal Unsecured Debts Are Below the § 109(e)*

*Threshold*

15.     When the contingent SBA debt is properly excluded, Debtors' aggregate noncontingent, liquidated unsecured debts fall well below the statutory ceiling of $526,700.

16.     Therefore, Debtors are eligible to proceed under Chapter 13.

C. *The Chapter 13 Plan Is Otherwise Feasible and Meets the Requirements of § 1325*

17.     Debtors' Chapter 13 Plan filed August 27, 2025, provides for monthly payments of $2,098.00 for 60 months.

18.     All secured obligations are being maintained directly and are unaffected by the plan.

19.     The SBA loan is being paid outside the plan by the business, and there are no arrears.

20.     The Plan is proposed in good faith, is feasible under § 1325(a)(6), and satisfies all confirmation requirements.

**III. Conclusion**

For the reasons stated above, Debtors respectfully request that this Court:

1. Overrule the Trustee's Objection to confirmation based upon 11 U.S.C. § 109(e);

2. Find that the SBA claim is contingent, unliquidated, and disputed, and therefore excluded from the § 109(e) calculation;

3. Allow confirmation of Debtors' Chapter 13 Plan as filed (or as may be further amended); and

4. Grant such other and further relief as the Court deems just and proper.

I hereby certify that all of the above statements by me are true. I am aware that if any of the above statements by me are willfully false, I am subject to punishment.

Dated:  11/7/25                                          **/s/ Kelibeth Hernandez-Eustace**
                                                                        KELIBETH HERNANDEZ-EUSTACE

Dated:  11/7/25                                          **/s/   James Eustace**
                                                                        JAMES EUSTACE

4935-5248-3704, v. 1