UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Gillman Capone, LLC
60 Highway 71, Unit 2
Spring Lake Heights, NJ 07762
(732) 528-1166
Attorney for Debtor
By: Marc C. Capone, Esq.

**Order Filed on April 6, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

**Kelibeth Hernandez-Eustace and  James Eustace**

                    Debtors

Case No.: **25-18981**

Judge:  **Christine M. Gravelle**

Chapter:   **13**

Hearing Date:

## CONSENT ORDER RESOLVING TREATMENT OF SBA PRROF OF CLAIM FOR PURPOSES OF 11 U.S.C. § 109(e)

The relief set forth on the following page, numbered two (2) through five (5), is hereby granted.

**DATED: April 6, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

**WHEREAS**, On August 27, 2025 (the **"Petition Date"**), Kelibeth Hernandez-Eustace and James Eustace (the **"Debtors"**) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code; and

**WHEREAS**, The Debtors are principals of A Shore Thing Productions LLC (the "Borrower"), which is the primary obligor on a loan extended by the United States Small Business Administration (the "SBA"); and

**WHEREAS**, The SBA loan was made to the Borrower and is supported by personal guarantees executed by the Debtors; and

**WHEREAS**, As of the Petition Date, and continuing thereafter, the SBA loan has been and remains **current**, with all required payments being made by the Borrower, and no event of default existing; and

**WHEREAS**, On September 10, 2025, the SBA filed **Proof of Claim No. 3-1** in the above-captioned case, asserting a claim in the amount of $534,348.11 based solely upon the Debtors' personal guarantees of the Borrower's loan obligation; and

**WHEREAS**, The Standing Chapter 13 Trustee objected to confirmation of the Debtors' Chapter 13 Plan, asserting, inter alia, that the Debtors exceed the debt limits set forth in 11 U.S.C. § 109(e) based upon inclusion of the SBA guaranty claim; and

**WHEREAS**, The Debtors, the SBA, and the Standing Chapter 13 Trustee have conferred and desire to resolve the treatment of the SBA's guaranty claim solely for purposes of eligibility under 11 U.S.C. § 109(e), without further litigation; and

**WHEREAS**, the parties acknowledge that, because the Borrower is current on the SBA loan and no default exists as of the Petition Date, the SBA had no present right to payment from the Debtors under their personal guarantees as of the Petition Date; and

**WHEREAS**, Accordingly, as of the Petition Date, the SBA's claim against the Debtors arising from their personal guarantees constitutes a contingent and unliquidated claim within the meaning of 11 U.S.C. § 109(e); and

**WHEREAS**, the parties further acknowledge that the Debtors' Chapter 13 Plan does not provide for payment in full of the SBA loan obligation, and therefore the Debtors' personal guaranty obligations will not be discharged and shall ride through the Chapter 13 case.

**NOW, THEREFORE**, it is hereby **STIPULATED AND AGREED** by and between the undersigned parties and **ORDERED** by this Court that:

1. **Status of SBA Claim as of Petition Date**

   As of the Petition Date, the SBA's claim against the Debtors arising from their personal guarantees of the loan to A Shore Thing Productions LLC, as asserted in Proof of Claim No. 3-1, was contingent and unliquidated, because the Borrower was current on its loan obligations and no default had occurred.

2. **§109(e) Eligibility Determination**

   For purposes of determining the Debtors' eligibility to proceed under Chapter 13 pursuant to 11 U.S.C. § 109(e), the SBA's guaranty claim shall not be included in the calculation of the Debtors' noncontingent, liquidated secured or unsecured debts.

3. **No Disallowance or Modification of Claim**

   Nothing in this Order shall be construed as disallowing, reducing, subordinating, or otherwise modifying the SBA's claim, the underlying loan documents, or the Debtors' personal guarantees, all of which are expressly preserved.

4.  **Ride-Through / No Discharge of Guaranty**

Because the SBA loan obligation will not be paid in full through the Debtors' Chapter 13

Plan, the Debtors' personal guaranty obligations to the SBA shall ride through the

bankruptcy case and shall not be discharged upon completion of the Plan.

5.  **Preservation of Post-Petition Rights**

In the event of a post-petition default by the Borrower, the SBA retains all rights and

remedies available under applicable non-bankruptcy law and federal law, subject to the

Bankruptcy Code.

6.  **Resolution of Trustee Objection**

To the extent the Standing Chapter 13 Trustee's objection to confirmation is based upon

the inclusion of the SBA guaranty claim in the §109(e) debt calculation, that objection is

resolved and withdrawn upon entry of this Order.

7.  **No Admission**

This Consent Order is entered into as a compromise of disputed issues and shall not

constitute an admission by any party.

The parties, through the undersigned counsel, consent to the form and entry of this Order:

GILLMAN CAPONE, LLC                     U.S. ATTORNEY'S OFFICE
Attorneys for Debtor                    Attorney for US Small Business Administration

By:  **/s/ Marc C. Capone**            By: _____
    Marc C. Capone, Esq.                    Eamonn O'Hagan, Esq.


Dated:  January 5, 2026                 Dated:   January 9, 2026 _____

Albert Russo, Standing Chapter 13

Trustee By:___/s/Albert Russo_____


Dated:_____1/9/26_____